**IN THE UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IN Re PILGRIM'S PRIDE CORPORATION SECURITIES LITIGATION | MASTER FILE NO. 2:08-CV-00419-TJW |

**LEAD PLAINTIFFS' SUR REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

I.     PRELIMINARY STATEMENT ................................................................................1

II.    DEFENDANTS VIOLATED THE SECURITIES ACT..........................................2

        A.     Rule 8(a)(2) Is Satisfied................................................................................2

        B.     Rule 9(b) Does Not Apply ...........................................................................3

        C.     Although Not Required Plaintiffs' Securities Act Claims
              Satisfy Rule 9(b) ..........................................................................................5

III.   THE OFFICER DEFENDANTS VIOLATED THE
       EXCHANGE ACT.......................................................................................................5

        A.     Scienter Is Adequately Pleaded ....................................................................5

        B.     Loss Causation Is Adequately Demonstrated ..............................................8

IV.   CONCLUSION..........................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*In re Acterna Corp. Sec. Litig.*,
    378 F. Supp. 2d 561, 578 (D. Md. 2005) ............................................................................ 7

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
    572 F.3d 221 (5th Cir. 2009) ......................................................................................... 9, 10

*Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*,
    89 F.3d 1399 (9th Cir. 1996) ............................................................................................. 3

*Collmer v. U.S. Liquids, Inc.*,
    268 F. Supp. 2d 718 (S.D. Tex. 2001) ............................................................................ 3, 4

*In re Countrywide Fin. Corp. Sec. Litig.*,
    588 F. Supp. 2d 1132 (C.D. Cal. 2008) .......................................................................... 4, 5

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005) ........................................................................................................... 8

*In re Enron, Corp. Sec., Derivative & ERISA Litig.*,
    235 F. Supp. 2d 549 (S.D. Tex. 2002) ............................................................................ 3, 4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    352 F. Supp. 2d 429 (S.D.N.Y. 2005) ............................................................................... 5

*In re Fleming Cos. Sec. & Derivative Litig.*,
    2004 U.S. Dist. LEXIS 26488 (E.D. Tex. June 10, 2004) ..................................... 2, 3, 4, 6

*In re Global Crossing, Ltd. Sec. Litig.*,
    322 F. Supp. 2d 319 (S.D.N.Y. 2004) ............................................................................ 5, 6

*Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*,
    537 F.3d 527 (5th Cir. 2008) ............................................................................................. 6

*Ladmen Partners, Inc. v. Globalstar, Inc.*,
    2008 U.S. Dist. LEXIS 76670 (S.D.N.Y. Sept. 30, 2008) ................................................. 3

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
    238 F.3d 363 (5th Cir. 2001) ..................................................................................... 3, 4, 10

*Lormand v. US Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ................................................................................. 6, 8, 9, 10

*In re Netbank, Inc. Sec. Litig.*,
  2009 U.S. Dist. LEXIS 69030 (N.D. Ga. Jan. 29, 2009) ........................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Bens. Trust v. Dynegy, Inc.*
 *(In re Dynegy, Inc.)*,
  339 F. Supp. 2d 804 (S.D. Tex. 2004) ...............................................................................2

*Rombach v. Chang,*
  355 F.3d 164 (2d Cir. 2004)................................................................................................3

*Rothman v. Gregor,*
  220 F.3d 81 (2d Cir. 2000) .................................................................................................8

*Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,*
  365 F.3d 353 (5th Cir. 2004) ..............................................................................................4

*In re Vivendi Universal, S.A. Sec. Litig.,*
  381 F. Supp. 2d 158 (S.D.N.Y. 2003).............................................................................5, 7

*Wagner v. First Horizon Pharm. Corp.*,
  464 F.3d 1273 (11th Cir. 2006) ..........................................................................................3

**STATUTES**

15 U.S.C. 77k..................................................................................................................................2

15 U.S.C.S. 78j(b)...........................................................................................................................1

**RULES**

L.R. CV-7(a)(1) ..............................................................................................................................1

Fed. R. Civ. P. 8 (a)(2).......................................................................................................... 1, 2, 4

Fed. R. Civ. P. 9(b) ..............................................................................................................1, 3, 4, 5, 6

**I.      PRELIMINARY STATEMENT**

Defendants' reply brief – more than twice the length allowed by the Local Rules[1] – consists of little more than conclusory arguments.    For example, in connection with Plaintiffs' claims under the Securities Act of 1933 (the "Securities Act"), Defendants fail to explain *why* these claims purportedly do not satisfy Rule 8(a)(2) or Rule 9(b).  Rather, Defendants merely provide unsupported arguments to the contrary, asking the Court to adopt their chosen result. *See infra* at 2-6.  Defendants' arguments regarding Plaintiffs' Securities Exchange Act of 1934 (the "Exchange Act") claims fare no better, for at least two reasons.  *First*, despite acknowledging the Fifth Circuit's clear standard for evaluating the loss causation pleading element of Section 10(b) of the Exchange Act, Defendants refuse to apply it to the allegations in the Complaint.  Instead, Defendants self-servingly cobble together a mish-mash of standards from other Circuits, ignore the well-pleaded causal connection between Defendants' conduct and the harms suffered by the putative plaintiff class, and utterly misstate Plaintiffs' theory of loss causation.  *See infra* at 9-10.  *Second*, instead of offering the Court, as required, a "credible" competing inference regarding Plaintiffs' compelling allegations of scienter, Defendants offer nothing more than a bare and unsupported protestation of innocent intent.  *See infra* at 6-8. Defendants' motion to dismiss should be denied.

---

[1] Local Rule CV-7(a)(1) states that "[a]ny reply…filed pursuant to section (f) of this rule ***shall not*** exceed ten pages excluding attachments." (Emphasis added).  By filing and expressly relying on two appendices setting forth further argument in support of their motion to dismiss, Defendants violate this rule.  *See* Table 1 (8-page appendix distinguishing 22 cases cited in Lead Plaintiffs' Opposition to Defendants Motion to Dismiss Consolidated Class Action Complaint (the "Opposition" or "Opp.")); Table 2 (3-page appendix comparing paragraphs in the Consolidated Class Action Complaint (the "Complaint")); Defendants Reply In Support of Motion to Dismiss Consolidated Class Action Complaint at 2, n. 2, 8, n. 27 (hereafter, the "Reply"). The Court should not countenance Defendants' violation.  Plaintiffs' Opposition

## II.     DEFENDANTS VIOLATED THE SECURITIES ACT

### A.     Rule 8(a)(2) Is Satisfied

As set forth in the Opposition, Fed. R. Civ. Pro. Rule 8(a)(2) applies to Plaintiffs' Securities Act claims, and liability under the Act is strict. *See* Opp. at 5; *In re Fleming Cos. Sec. & Derivative Litig.,* No. 5-03-MD-1530 (TJW), 2004 U.S. Dist. LEXIS 26488, at *140 (E.D. Tex. June 10, 2004); *Pirelli Armstrong Tire Corp. Retiree Med. Bens. Trust v. Dynegy, Inc. (In re Dynegy, Inc.)*, 339 F. Supp. 2d 804, 827 (S.D. Tex. 2004). Plaintiffs have satisfied Rule 8(a)(2) by alleging, among other things, that notwithstanding the existence of a number of material adverse factors affecting the Company at the time of the Secondary Offering, Defendants acted negligently by failing to test for any material impairment to the Company's goodwill, resulting in material misstatements in the Offering Documents. *See* Opp. at 6-7. [2] Defendants have now failed twice to elaborate why, exactly, Plaintiffs' Securities Act claims do not satisfy Rule 8(a)(2).[3] As such, Plaintiffs' Securities Act claims should be sustained.

### B.     Rule 9(b) Does Not Apply

---

violates the Local Rules because it purportedly fails to incorporate a delineated response to Defendants' Statement of Issues. Defendants, however, ignore that the

[2] The Court should disregard Defendants' arguments regarding the use of the term "Offering Documents" to describe the entire universe of documents that together are subject to the Securities Act. Reply at 10. The registration statement includes the registration statement and amendments thereto, any prospectus supplements and each of the documents that are incorporated by reference therein. *See* 15 U.S.C. 77k. Thus, because there are false statements in the 2Q 2008 Form 10-Q, which was incorporated by reference into the registration statement, it is not conclusory to allege that the Offering Documents contained material misstatements.

[3] Defendants rely almost entirely on their scienter argument to assert that Plaintiffs have not satisfied Rule 8(a)(2). Reply at 10. This is entirely inappropriate for at least two reasons. *First*, a plaintiff's purported failure to satisfy Rule 9(b) does not automatically mean that a plaintiff has also failed to satisfy Rule 8(a)(2), a significantly lower pleading standard. *Second,* the scienter analysis under Rule 9(b) requires courts to engage in a comparative analysis which is inappropriate under Rule 8(a)(2). *See Lormand v.US Unwired, Inc.,* 565 F.3d 228, 267 (5thCir.

Once again, and notwithstanding the Court's opinion in *Fleming,* Defendants erroneously contend that Rule 9(b) applies to Plaintiffs' Securities Act claims simply because Plaintiffs also allege Exchange Act claims in the same pleading. Reply at 8-10.  In the Fifth Circuit, when claims under the Securities Act and the Exchange Act are brought in the same pleading, the Securities Act claims cannot be dismissed for failure to satisfy Rule 9(b) where a plaintiff expressly "disavow[s] all allegations of fraud or scheme" and the allegations supporting a plaintiff's Securities Act claims sound only in strict liability or negligence. *Fleming*, 2004 U.S. Dist. LEXIS 26488 at *140 (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363 (5th Cir. 2001)); *Dynegy,* 339 F. Supp. 2d at 827.[4]  Here, Plaintiffs expressly disavow any reliance on allegations of fraud in support of their Securities Act claims, and each of the allegations incorporated by reference into Plaintiffs' Securities Act claims sounds only in negligence.[5]  Thus, Plaintiffs' Securities Act claims do not sound in fraud and must satisfy

---

2009) (courts "are not authorized or required to determine whether an element of the claim exists "is equally or more plausible than other competing inferences" under Rule 8(a)(2)).

[4] Defendants fail to address the Court's opinion in *Fleming* or a similar opinion in *Dynegy* applying Rule 8(a)(2) to the plaintiffs' Securities Act claims even when pleaded alongside Exchange Act claims.  Furthermore, Defendants fail to cite to any Fifth Circuit case law negating the holdings of this Court and the *Dynegy* court, both of which expressly rely on *Lone Star*. Instead, Defendants rely on cases from the Second, Ninth and Eleventh Circuits, each of which expressly rejects the Fifth Circuit's holding in *Lone Star* that an express "disavowal of fraud" is enough to avoid the application of Rule 9(b).  *Compare Lone Star,* 238 F.3d at 369; *Fleming*, 2004 U.S. Dist. LEXIS 26488 at *140; *Dynegy*, 339 F.2d at 827, n. 6; *Enron,* 235 F. Supp. 2d at 597; *Collmer,* 268 F. Supp. 2d at 757, *with Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006) (disclaimer of fraud is not enough); *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405, n. 2 (9th Cir. 1996) (same); *Rombach v. Chang,* 355 F.3d 164, 171 (2d Cir. 2004) (same); *Ladmen Partners, Inc. v. Globalstar, Inc.,* No. 07-CV-0976, 2008 U.S. Dist. LEXIS 76670, at *34-35, n. 10 (S.D.N.Y. Sept. 30, 2008) (same).

[5] *See* Opp. at 8 (Securities Act claims expressly incorporating only ¶¶13-20, 22-32, 122-138, 139-154, 174-187).  Significantly, under *Lone Star,* the Court may "disregard averments of fraud" (*see* ¶¶ 1-12, 21, 33-121, 155-173) to determine whether Plaintiffs' Securities Act claims satisfy Rule 8(a)(2). *Lone Star*, 238 F.3d at 368.  Defendants do not argue otherwise.

nothing more than Rule 8(a)(2).  *Fleming,* 2004 U.S. Dist. LEXIS 26488 at *141.[6]

Significantly, even though Plaintiffs do not allege fraud-based claims against the Director Defendants, these Defendants mistakenly argue that the existence of fraud-based claims against the *Officer Defendants* afford them the protection of Rule 9(b)'s heightened pleading standard. Reply at 8.[7]  Courts reject the very approach the Director Defendants suggest – allowing a defendant against whom no fraud-based claims are alleged to invoke the protections of Rule 9(b) because plaintiffs allege fraud-based claims against other defendants in the same complaint – as it is contrary to the principles underpinning the heightened pleading requirements of Rule 9(b). *See* Opp. at 9-10, n. 8.  As such, even if the Court ignores Fifth Circuit precedent and applies Rule 9(b) to Plaintiffs' Securities Act claims against the Officer Defendants strictly because Plaintiffs' also allege that the Officer Defendants violated the Exchange Act in the same complaint, Rule 9(b) cannot apply to Plaintiffs' negligence-based claims against the *Director Defendants*.  Defendants have not provided controlling case law that suggests otherwise. *See In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1163 (C.D. Cal. 2008).[8]

---

[6] Additionally, Defendants' reliance on *Melder v. Morris* is also misplaced because it was limited by *Lone Star* and, to the extent it remains viable authority, it only applies where a plaintiff wholesale adopts fraud-based allegations to assert a negligence-based claim.  Opp. at 8; *See Dynegy,* 339 F. Supp. 2d at 827, n. 6;  *Enron*, 235 F. Supp. at 597; *Collmer v. U.S. Liquids, Inc.,* 268 F. Supp. 2d 718, 757 (S.D. Tex. 2001).  Plaintiffs, however, have not done so here, and Defendants' argument is thus of no moment.

[7] Essentially, Defendants ask the Court to find that the negligence-based claims against the Director Defendants sound in fraud under a theory of collective scienter:  if a plaintiff alleges that three individual defendants acted with scienter, those allegations of knowing or reckless conduct are therefore imputed to nine other defendants who plaintiffs' allege only acted with negligence.  However, the Fifth Circuit has resoundingly rejected the theory of collective scienter.  *See Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 368 (5th Cir. 2004).  As such, Defendants' arguments must fail.

[8] Defendants' argue in their improperly proffered appendix that that Plaintiffs "omitted relevant, yet contradictory portions" from the above cited quote in *Countrywide,* yet fail to explain exactly what is contradictory about the portions cited in Table 1 and the quote in the Opposition.  The

4

### C. Although Not Required Plaintiffs' Securities Act Claims Satisfy Rule 9(b)

Even if the Court determines that the allegations supporting Plaintiffs' Securities Act claims sound in fraud, which it should not, Plaintiffs have satisfied Rule 9(b). *See* Opp. at 10-12 (the Complaint alleges the false statements with particularity, alleging the statement, when it was made, who made it and why it was false). Indeed, by not moving to dismiss the Complaint for failure to allege falsity under the Exchange Act pursuant to Rule 9(b), Defendants implicitly concede that Plaintiffs adequately allege sufficient falsity under the Securities Act in satisfaction of Rule 9(b). Additionally, despite expressly conceding, as they must, that Plaintiffs are never required to plead scienter in support of their Securities Act claims, (*see* Reply at 10, n.33), Defendants improperly rely on their scienter argument to assert that Plaintiffs' Securities Act claims do not satisfy Rule 9(b). *See* Reply at 10.

### III. THE OFFICER DEFENDANTS VIOLATED THE EXCHANGE ACT

### A. Scienter Is Adequately Pleaded

As Plaintiffs correctly argue in the Opposition, allegations of circumstantial evidence and motive and opportunity, including the facts relied upon here demonstrating, *inter alia*, the Officer Defendants' actual knowledge of the existence and effect of adverse events on Pilgrim's Pride necessitating a goodwill impairment (*see* Opp. at 14-20),[9] the timing, magnitude and effect of the Company's goodwill impairment charge (*see* Opp. at 18-20, n.17, 18), the existence of GAAP violations (*see* Opp. at 16, n. 14), the Officer Defendants' certifications of the Company's

---

court's holding is exactly the same regardless of the quote used: Where a plaintiff does not allege that a defendant acted fraudulently, that defendant is not entitled to the protections of Rule 9(b). *Countrywide,* 588 F. Supp. 2d at 1163.

5

false financial results (*see* Opp. at 21, n. 21), the changes to the Company's debt covenants and the Secondary Offering (*see* Opp. at 22-23), "justify[] a strong inference of scienter" under the PSRLA and Rule 9(b). *Lormand,* 565 F.3d at 251 (quotations omitted). As such, Defendants have not convincingly demonstrated that none of Plaintiffs' scienter allegations, standing alone, supports a strong inference of scienter. This is especially so given that Plaintiffs particularly allege that the Officer Defendants had *actual knowledge* of the adverse factors and their effect on the Company's financial condition throughout the Class Period. *Fleming*, 2004 U.S. Dist. LEXIS 26488.

Significantly, and in any case, Plaintiffs need not rely on any one indicia of scienter to support a strong inference of scienter because, when viewed collectively, as the Court must, the facts set forth in the Complaint support a strong inference that the Officer Defendants acted with at least reckless intent. *See id.*; Opp. at 20, n. 20. Because Plaintiffs also rely on the collective strength of these facts, the cases cited by Defendants which hold that certain of these facts viewed ***in isolation*** cannot support a strong inference of scienter are inapposite.[10] Therefore, the Complaint alleges a strong inference that the Officer Defendants acted with fraudulent or reckless intent in making the material misstatements to investors throughout the Class Period. *See* Opp. at 14-23.[11]

---

[9] *See also In re Global Crossing, Ltd. Sec. Litig.,* 322 F. Supp. 2d 319, 342-343 (S.D.N.Y. 2004); *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 352 F. Supp. 2d 429, 467 (S.D.N.Y. 2005); *In re Vivendi Universal, S.A. Sec. Litig.,* 381 F. Supp. 2d 158, 186 (S.D.N.Y. 2003).

[10] *See* Defendants' Reply at 2-4 (citing *e.g.*, *Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.,* 537 F.3d 527, 534 (5th Cir. 2008) (GAAP violations without more do not establish scienter)).

[11] Defendants suggest in their Reply that Plaintiffs are "misleading" the Court by citing cases for certain specific propositions. *See* Reply at 1-2. Defendants are wrong. For example, while the sections of *Global Crossing* and *Flag* quoted in the Opposition appeared in the falsity sections of these opinions, in both cases the courts expressly relied on these earlier holdings to reject

Indeed, in their briefing in support of their motion, Defendants completely fail to address and account for the following facts demonstrating circumstantial evidence of scienter: (1) the Officer Defendants' knew as early as January 2008 of the existence and effect of the same three adverse factors which necessitated the complete impairment of goodwill on September 27, 2008,[12] (2) the complete impairment of goodwill just three months after Pilgrim's Pride confirmed the value of its goodwill to the market, (3) the fact that the impairment charge represented more than 60% of the Company's fourth quarter loss, and (4) the size of the impairment – $500 million – caused the Company to file for Chapter 11 bankruptcy protection on December 1, 2008. These factors, in and of themselves, support a strong inference of scienter. *See* Opp. at 14-20.

Moreover, the existence of these facts makes the inference that Defendants recklessly

---

defendants' scienter arguments. *See Global Crossing,* 322 F. Supp. 2d at 345 (rejecting defendant's scienter argument as "amount[ing] to a rehash of the same argument rejected above); *Flag,* 352 F. Supp. 2d at 467 (rejecting defendants' scienter argument based on prior ruling in the falsity section that plaintiffs' adequately alleged that defendants violated GAAP in failing to take a timely impairment charge). Additionally, the courts in *Vivendi* and *In re Netbank, Inc. Sec. Litig.* implicitly relied on their holdings in the falsity section that defendants failed to take an impairment charge in violation of GAAP to reject defendants' scienter arguments. *Vivendi,* 381 F. Supp. 2d 158, 186; *In re Netbank, Inc. Sec. Litig,,* No. 1:07-CV-2298-BBM, 2009 U.S. Dist. LEXIS 69030, at *38-39 (N.D. Ga. Jan. 29, 2009). As such, Defendants' accusations of impropriety are wrong.

[12] Defendants' claim that the Officer Defendants' disclosure of adverse events during the Class Period actually militates against scienter should be rejected. The *Acterna* court held that the defendants' warnings about the existence of adverse circumstances militated against an inference of scienter because the warnings specifically mentioned the possibility that these events could affect the value of the company's goodwill. *See In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 578 (D. Md. 2005). Here, the Officer Defendants' statements to the market say nothing of the possible affects of the adverse events on the Company's goodwill and, as a result, are actually misleading. Misleading risk disclosures cannot absolve the Officer Defendants of intent to defraud investors. As a result, the fact that the Officer Defendants informed the market of the existence and effect of adverse events as early as January 2008 supports a strong inference that they knew or recklessly disregarded that the Company's goodwill was materially impaired.

failed to review, acknowledge or account for material impairment to the Company's goodwill as of March 29, 2008 and June 28, 2008 far more compelling than the competing non-culpable inference proffered by Defendants (*i.e.,* that goodwill was tested for impairment and found to not to be impaired). *See Rothman v. Gregor,* 220 F.3d 81, 92 (2d Cir. 2000) (rejecting non-culpable inference that "prior to the fourth quarter of 1997, [defendant] was unable to appreciate that the poor performance of its products after a disappointing first year of sales required substantial expensing of royalty advances each quarter" where plaintiffs alleged "poor sales" and "that $73.8 million of $87.5 million in royalty advances, *i.e., over 84 percent* of the total royalty advances it had capitalized by the end of the third quarter of 1997 needed to be expensed" just one quarter later).[13]  As such, because Plaintiffs' inference of scienter is far more compelling than Defendants' competing inference, Defendants' inference should be rejected and their motion to dismiss denied in its entirety. *See Lormand*, 565 F.3d at 254 (where a plaintiff demonstrates that "[t]he inference of intentional deception is, at the very least, equally as compelling as any alternative inference" the "tie favors the plaintiff").

      **B.**    **Loss Causation Is Adequately Demonstrated**

The Reply misapplies the law, and misstates Plaintiffs' arguments regarding loss causation. The Fifth Circuit expressly recognizes that loss causation is adequately alleged where a plaintiff provides "the defendants with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and the misrepresentation." *Lormand,* 565 F.3d at 256 (quoting *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)). While Defendants correctly cite to this law, and recognize the proposition

---

[13] Indeed, the Officer Defendants offer no evidence or support for their bare assertion. In contrast, Plaintiffs' inference is supported by the record and simple common sense.

that in order to be actionable, a revelatory disclosure must have some "relevance" or "relatedness" to a defendant's misrepresentation, they utterly fail to apply that standard to the facts of this case. Reply at 6-7, (citing *Alaska Elec. Pension Fund v. Flowserve Corp.,* 572 F.3d 221, 230 (5th Cir. 2009)); *Lormand,* 565 F.3d at 256-258.

Indeed, the Reply is wholly silent on the Complaint's extensive showing of the causal connection between Defendants' conduct (*i.e.*, their fraud and misrepresentations) and the harm which eventuated as a result (the negative financial results, write-down, and eventual collapse of the Company). Opp. at 25-27. That is, Defendants refuse to address that the core of Plaintiffs' case is that: (i) Defendants fraudulently misrepresented to the public that the Company was well-protected from increasing feed costs and decreasing demand; (ii) Defendants failed to test for impairment of the Company's goodwill, which was impacted materially by the foregoing; and (iii) that when the Company disclosed that it was not protected from increasing feed costs and decreasing demand, the Company's stock price plummeted. *Id.* Such allegations more than suffice to demonstrate loss causation.[14]

Instead of recognizing as much, Defendants self-servingly suggest that Plaintiffs impermissibly rely solely on a "materialization of risk" theory to plead loss causation (a proposition they contend has not been accepted by the Fifth Circuit) and then argue that Plaintiffs fail to meet this standard. Reply at 6-7. Defendants are wrong on both counts. In actuality, what Plaintiffs argue (regarding a subset of their claims) is that during the Class Period

---

[14] Defendants attempt to avoid liability for their fraud by arguing that because every contour of the impact of their fraud (*e.g.* the half-billion dollar goodwill write-down) was not revealed on the last day of the Class Period, loss causation cannot exist. This is simply not the law. It is well established that the entirety of a defendant's fraud need not be realized on the last day of the Class Period, rather, the impact of the fraud may "leak out" over time. *Lormand,* 565 F.3d at

Defendants affirmatively misrepresented that the Company was protected from the risks of increasing feed costs and decreasing demand (*see* Complaint at ¶¶6, 55, 67, 81, 83) and then, at the end of the Class Period, revealed that these statements were false and that, as a result, there would be a substantial negative financial impact on the Company. *See* Complaint at ¶86. This is precisely the revelation of the "relevant truth" that the Fifth Circuit holds sufficient for the pleading of loss causation because it demonstrates a "plausible" casual relationship between Defendants' conduct and the harm that investors suffered when the falsity of Defendants' statements was revealed. *Lormand*, 565 F.3d at 256, 258.[15]  Plaintiffs have, thus, adequately pleaded loss causation.[16]

## IV.    CONCLUSION

For the reasons set forth herein, and in the Opposition, Defendants' motion to dismiss the Complaint should be denied.

---

255. To hold otherwise would allow a defendant to avoid liability for his conduct by simply refusing to admit, in a timely fashion, the totality of the impact of his fraud.

[15] The Company's November 28, 2008 disclosure that it was writing-down over $500 million worth of Gold-Kist goodwill, of course, is a consequence that necessarily follows from (or at a minimum is substantially related to) the revelation that the Company was not protected from increasing feed costs and decreasing demand. *See* Complaint at ¶10 (discussing the Company's disclosure of relationship between increasing feed costs, decreasing demand, and the complete impairment of goodwill associated with the Gold-Kist acquisition). The mere fact that the Company itself delayed disclosing such a (facially obvious) relationship does not allow Defendants to escape liability; courts uniformly recognize that acceptance of such an argument is impermissible because it would allow defendants to "'immunize themselves with a protracted series of partial disclosures'" or defeat liability by simply refusing to admit "the falsity of prior misstatements." *Flowserve Corp.*, 572 F.3d at 230.

[16] To the extent the Court finds that Plaintiffs have failed to satisfy Rule 8 or Rule 9(b), Plaintiffs renew their request to amend the Complaint. Defendants have failed to articulate how an amendment would be futile or would prejudice them. *Lone Star*, 238 F.3d at 367-9 (allowing leave to amend where defendants failed to demonstrate prejudice or futility of amendment). Moreover, the Fifth Circuit expressly allows a plaintiff to amend where the court determines the Securities Act claims sound in fraud. *Id.* at 368-69.

       Respectfully submitted,

       */s/ Eric M. Albritton*
Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
Tel.   (903) 757-8449
Fax   (903) 758-7397
ema@emafirm.com

*Liaison Counsel for Plaintiff*

**BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP**
Gregory M. Castaldo
Christopher L. Nelson
Jennifer L. Joost
Emily B. Rubin
280 King of Prussia Road
Radnor, PA 19087
Tel.   (610) 667-7706
Fax   (610) 667-7056

*Lead Counsel for Plaintiff*

William E. "Bo" Davis III
Texas State Bar No. 24047416
The Davis Firm, PC
111 West Tyler Street
Longview, Texas 75601
Tel.   (903) 230-9090
Fax:   (903) 230-9661

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 24th day of September, 2009.

_____
Eric M. Albritton